UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Jacqueline A. DeLise, Individually and as Personal Representative of the Estate of Thomas Michael DeLise,

Plaintiff,

vs.

Benjamin McAbee, Blake Simpson, James Bogan, Christopher Baldwin,

Defendants.

CASE NO.: _______________

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW, Plaintiff Jacqueline A. DeLise, Individually and as Personal Representative of the Estate of Thomas Michael DeLise, by and through her undersigned counsel of record and pursuant to the Federal Rules of Civil Procedure, and hereby alleges against Defendants Benjamin McAbee, Blake Simpson, James Bogan, and Christopher Baldwin, as follows:

**JURISDICTION AND VENUE**

1. The Plaintiff brings this claim in this Division as the incident that gives rise to this action occurred in Spartanburg County. The Plaintiff further invokes this Court's concurrent jurisdiction to hear claims arising under the United States Constitution and federal statutes, 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourteenth Amendment to the United States Constitution.

**PARTIES**

2. Plaintiff Jacqueline A. DeLise ("Jackie") Individually and as Personal Representative of the Estate of Thomas Michael DeLise ("Tom") is the party bringing this suit and is a citizen and resident of Spartanburg County, South Carolina.
3. Benjamin McAbee ("McAbee") was employed as a law enforcement officer the Spartanburg County Sheriff's Office and, at all times mentioned herein, was acting in the course and scope of

his employment under color of law. Officer McAbee is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

4. Blake Simpson ("Simpson") was employed as a law enforcement officer the Spartanburg County Sheriff's Office and, at all times mentioned herein, was acting in the course and scope of his employment under color of law. Officer Simpson is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

5. James Bogan ("Bogan") was employed as a law enforcement officer the Spartanburg County Sheriff's Office and, at all times mentioned herein, was acting in the course and scope of his employment under color of law. Officer Bogan is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

6. Christopher Baldwin ("Baldwin") was employed as a law enforcement officer the Spartanburg County Sheriff's Office and, at all times mentioned herein, was acting in the course and scope of his employment under color of law. Officer Baldwin is sued under 42 U.S.C. § 1983, 1988 and the Fourteenth Amendment to the United States Constitution.

**FACTUAL ALLEGATIONS**

7. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

8. McAbee attempted a traffic stop on the evening of January 8, 2019 after observing two vehicles speeding. The first vehicle was traveling at 62 mph in a 40 mph zone. The second vehicle was traveling at 72 mph in a 40 mph zone. McAbee pursued the second vehicle due to it driving at a higher rate of speed and presenting more of a risk to public safety.

9. McAbee approached this second vehicle with his blue lights activated. The vehicle, which was operated by Alan Dixon, did not pull over. After Mr. Dixon drove through a red light without stopping, McAbee informed the SCSO that he was engaged in a vehicle pursuit.

10. The vehicle pursuit involved a total of four pursuing deputies of the SCSO – McAbee, Simpson, Bogan, and Baldwin.

11. The vehicle pursuit occurred during nightime hours across approximately 14 miles of interstate, highway, and two lane undivided roadways in both commercial and residential areas, with vehicle traffic ranging from light to moderate to heavy at various times.

12. The average speed of the vehicles involved in the pursuit was approximately 80 mph. The vehicles involved in the pursuit reached speeds in excess of 100 mph at times.

13. During the pursuit, well over 100 uninvolved vehicles were overtaken or passed in close proximity by the fleeing vehicle and the pursuing deputies' vehicles.

14. During the pursuit, a mimimum of 10 stop signs and red lights were disregarded by the fleeing vehicle and the pursuing deputies' vehicles.

15. It was not a matter of if, but when, this lengthy, high-speed vehicle pursuit would end in tragedy. That moment came when the fleeing driver, with deputies in active pursuit, ran the red light at the intersection of WO Ezell Boulevard and W Blackstock Road and collided with four vehicles, including the vehicle operated by Tom.

16. Tom died as a result of massive blunt force trauma sustained in the collision. Tom was 50 years old at the time of his death. He is survived by his wife of 25 years, Jackie, and their two children, Paige and Tony.

17. McAbee had sufficient time to consider his operational conduct including the initiation, continuation, and failure to terminate the vehicle pursuit.

18. Simpson had sufficient time to consider his operational conduct including continuation and failure to terminate the vehicle pursuit.

19. Bogan had sufficient time to consider his operational conduct including the continuation and failure to terminate the vehicle pursuit.

20. Baldwin had sufficient time to consider his operational conduct including the continuation and failure to terminate the vehicle pursuit.

21. The vehicle pursuit was a non-emergency situation in that it arose over a speeding violation – a traffic offense that posed no immediate or defined risk of harm to the general public. To the extent the pursuit later became an emergency, such "emergency" was created by McAbee, Simpson, Bogan, and Baldwin by virtue of their reckless actions and omissions.

22. The conduct of McAbee, Simpson, Bogan, and Baldwin, was reckless and created a substantial risk of serious harm and death to those around them.

23. The conduct of McAbee, Simpson, Bogan, and Baldwin violated clearly established federal law and the United States Constitution.

24. The conduct of McAbee, Simpson, Bogan, and Baldwin exhibited a conscience-shocking deliberate indifference to the lives and safety of the general public.

**FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. 1983 - 14th Amendment Claim of Violation of Due Process**

25. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

26. The conduct of McAbee, Simpson, Bogan, and Baldwin by driving law enforcement vehicles at such extreme rates of speed without responding to a true emergency constitutes a conscience-shocking deliberate indifference to the lives and safety of the general public in violation of Plaintiff's Fourteenth Amendment Rights.

27. Even if McAbee, Simpson, Bogan, and Baldwin had been responding to a true emergency, their extreme and reckless driving would still constitute a conscience-shocking deliberate indifference to the lives and safety of the general public in violation of Plaintiff's Fourteenth Amendment Rights.

28. McAbee, Simpson, Bogan, and Baldwin violated 42 U.S.C. §1983 while acting under color of law by depriving Plaintiff of the following clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the U.S. Constitution:

    a. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking conduct as secured by the Fourteenth Amendment;

    b. The right to be free from deprivation of life, limb and property without substantive due process and from state created/enhanced danger as secured by the Fourteenth Amendment;

    c. And in such other particulars as may be learned through discovery.

29. The conduct of McAbee, Simpson, Bogan, and Baldwin was so egregious, and so outrageous, that it may fairly be said to shock the contemporary conscience.

30. McAbee, Simpson, Bogan, and Baldwin either knew or had fair warning that their conduct was unlawful.

31. A reasonable law enforcement officer in the position of McAbee, Simpson, Bogan, and Baldwin could have never reasonably believed that their conduct was permissible under established legal standards.

32. As a direct result of the conscious shocking and/or deliberately indifferent conduct to life by McAbee, Simpson, Bogan, and Baldwin, Tom was killed and Jackie suffered a loss of consortium.

33. As a direct and proximate result of the violation of Tom's constitutionally protected rights by McAbee, Simpson, Bogan, and Baldwin, Jackie is entitled to recover actual and punitive damages from them as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**(Wrongful Death)**

34. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

35. As a direct and proximate result of the conscience-shocking deliberate indifference to the lives and safety of the general public by McAbee, Simpson, Bogan, and Baldwin, Tom suffered fatal injuries that resulted in his death.

36. Jackie, as Personal Representative of Tom's Estate, is entitled to recover, and for the benefit of Tom's statutory beneficiaries, wrongful death damages resulting from Tom's death, including damages for economic loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of the use and comfort of the deceased's society, loss of decedent's ability to earn money for the support, maintenance, care and protection of the beneficiaries, and reasonable funeral expenses.

**FOURTH CAUSE OF ACTION**
**(Loss of Consortium)**

37. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs as if set forth verbatim herein.

38. Jackie brings this cause of action in her individual capacity pursuant to Section 15-75-20 of the South Carolina Code and common law pertaining to loss of consortium.

39. Jackie was Tom's lawful wife for 25 years.

40. As a direct and proximate result of the conscience-shocking deliberate indifference to the lives and safety of the general public by McAbee, Simpson, Bogan, and Baldwin, Tom suffered fatal injuries and Jackie lost her spouse.

41. Jackie Individually is entitled to recover loss of consortium damages, including damages for the loss of Tom's support, aid, services, love, companionship, affection, society, sexual relations, comfort, solace, guidance.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following:

a. A trial by jury;

b. Judgement against the Defendants, individually and joint and severally;

c. For for all damages recoverable under Federal law, to be assessed individually and joint and severally, including actual and punitive damages, in an amount to be determined by a jury;

c. The costs of this action, including reasonable attorney's fees;

d. For such other relief as this Honorable Court may deem just and proper.

CLAWSON FARGNOLI UTSEY, LLC

s/ Samuel R. Clawson, Jr.                    .
Samuel R. Clawson, Jr., Esq. (#11850)
Christy R. Fargnoli, Esq. (#10364)
The Presqu'ile House
2 Amherst Street
Charleston, South Carolina 29403
843.970.2700 (o)
843.970.1780 (f)
sam@cfulaw.com
christy@cfulaw.com

-AND-

George Brandt, III, Esq. (#01451)
HENDERSON BRANDT & VIETH, P.A.
360 E. Henry Street, Suite 101
Spartanburg, SC 29302
864.583.5144 (o)
864.582.2927 (f)
gbrandt@hbvlaw.com

Attorneys for Plaintiff

June 18, 2021

Charleston County, South Carolina